# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALEJANDRO DURAN, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 01 C 6858 |
| TOWN OF CICERO, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

The court has considered the affidavits of David A. Cerda, John R. DeLeon and Joseph R. Lopez filed in response to our order of October 10, 2012. The affidavits persuade the court that these attorneys did in fact have written contingent-fee agreements with the plaintiffs in this case.

There were two things that caused the court to have considerable doubt as to whether there had ever been written contingent-fee agreements. One was the delay of Mr. Cerda in revealing that the agreements were "missing" when called upon to produce them. We could see no legitimate reason for this delay and interpreted it as some evidence that the agreements had never existed. The other circumstance was the obvious improbability of Mr. Castellano's having lost the agreements.

Against these troubling matters, we now have the affidavits of Messrs. Cerda, De Leon and Lopez attesting to the fact that the

written agreements were executed and subsequently lost. The affidavits overcome our skepticism.

The court finds that the plaintiffs' attorneys did have enforceable written contingent-fee contracts with the plaintiffs.

\* \* \* \*

There remains the motion of the Town of Cicero for sanctions against David A. Cerda for the unnecessary delay in disclosing that the contingent fee contracts are missing. We agree with the Town that Mr. Cerda should have informed the court and counsel when the matter first came up that the agreements could not be found. However, the issue arose only because the Town took the position that the existence of a contingent-fee agreement barred the collection of any statutory fees. Mr. Cerda knew this position was wrong — as it was — and it is understandable how he might therefore have concluded that whether contingent-fee agreements existed was irrelevant. The Town was not raising the possibility that there were no agreements; the Town saw it as being in its interest that there were agreements, since this would, in its view, relieve it of having to pay statutory fees. It was the court, not the Town, that was concerned with the possibility that there had never been any written agreements.

Arguably, there was fault on both sides — on Mr. Cerda's part for withholding the fact that the agreements were missing and on the Town's part for making the invalid argument that contingent-

fee agreements would bar the recovery of statutory fees. The Town's motion for sanctions [609] against plaintiffs' counsel is denied.

*    *    *    *

In the brief filed by Messrs. Parts and Lopez in response to the court's order of October 10, 2012, certain suggestions are made as to how the necessary payments of fees and costs might be made. (Brief at 10-11.) This case is set for a conference at 10:30 a.m. on November 7, 2012 for a ruling on what procedures should be followed and for entry of a final order regarding the fee and costs awards.

DATED:    October 31, 2012

ENTER:    _____
          John F. Grady, United States District Judge